# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**M.M. II, Petitioner Below,**
**Petitioner**

**vs) No. 14-0213** (Wayne County 13-CIG-R-003)

**B.M., Respondent Below,**
**Respondent**

**FILED**

June 15, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Stepfather Mark M. II, by counsel Gary L. Michels II, appeals the Circuit Court of Wayne County's January 17, 2014, amended order dismissing his petition for guardianship of five-year-old A.M.[1] Respondent Father Brandon M., by counsel Alison R. Gerlach, filed a response in support of the circuit court's order. On appeal, petitioner claims that the circuit court erred in finding that West Virginia was not the child's home state and in dismissing his guardianship petition for lack of jurisdiction.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The child was born in 2009 in North Carolina, where both of her biological parents and extended families resided. The child lived in that state with her mother and her mother's family; respondent and his family had reasonable visitation with her. In September of 2012, the child's mother filed an action for child support against respondent in North Carolina. Three months later, in December of 2012, the child's mother married petitioner in North Carolina and the couple moved, with the child, to Niagara Falls, New York. Although the exact dates and other details are contested on appeal, petitioner and the child moved to Wayne County, West Virginia, while the child's mother remained in North Carolina due to her employment.

On September 20, 2013, the child's mother died in a vehicular accident. On September 25, 2013, petitioner filed the underlying guardianship petition in the Family Court of Wayne County,

---

[1]The parties in this case will be identified by initials pursuant to Rule 40 of the Rules of Appellate Procedure.

1

West Virginia.[2] On October 3, 2013, respondent filed a custody action in North Carolina against petitioner seeking temporary and permanent custody of the child.

In October of 2013, the circuit court held a hearing on petitioner's guardianship petition.[3] Respondent moved to dismiss for lack of jurisdiction because the child's home state was North Carolina, not West Virginia. At the conclusion of that hearing, the circuit court determined that additional investigation was necessary on the jurisdictional question, and it continued the matter to provide the parties with additional time for that investigation.

Following a hearing on the jurisdictional issue in December of 2013, the circuit court dismissed the guardianship petition finding that North Carolina was the child's home state and that West Virginia lacked jurisdiction over the matter. The circuit court specifically found that (1) the child, the child's mother, and petitioner moved back to North Carolina in February of 2013; (2) petitioner and the child moved to Wayne County, West Virginia, in July of 2013, which was less than four months before petitioner filed his guardianship petition in September of 2013; and (3) the child's mother remained in North Carolina due to her employment, but she and the child traveled between North Carolina and West Virginia to be with one another between July of 2013 and September of 2013. This appeal followed.[4]

This Court has held that with regard to custody decisions, including guardianships:

"'The exercise of discretion by a trial court in awarding custody of a minor child will not be disturbed on appeal unless that discretion has been abused; however, where the trial court's ruling does not reflect a discretionary decision but is based upon an erroneous application of the law and is clearly wrong, the ruling will be reversed on appeal.' Syllabus point 2, *Funkhouser v. Funkhouser*, 158 W.Va. 964, 216 S.E.2d 570 (1975), *superseded by statute on other grounds as stated in David*

---

[2]Due to allegations in the guardianship petition that respondent abused and/or neglected the child by abandonment and past criminal and Child Protective Services history, the family court removed that petition to the Circuit Court of Wayne County.

[3]The parties did not include any hearing transcripts in the record on appeal.

[4]On January 16, 2014, petitioner moved to amend the circuit court's January 14, 2014, dismissal order with regard to three factual findings and moved for reconsideration of the decision in view of those amendments. Petitioner argued that, despite the circuit court's findings to the contrary, (1) the child was not enrolled in kindergarten in North Carolina in 2012 because she was too young for kindergarten at that time; (2) respondent and his family had no contact with the child after Father's Day in 2012; and (3) the child moved to West Virginia in February of 2013, rather than July of 2013. Although apparently not prompted by petitioner's motion, the circuit court amended its January 14, 2014, dismissal order on January 17, 2014, to modify the transitional relocation plan for the child to move back to North Carolina. In February of 2014, the circuit court denied petitioner's motion to amend and reconsider.

*M. v. Margaret M.*, 182 W.Va. 57, 385 S.E.2d 912 (1989)." Syl. Pt. 1, *In re Abbigail Faye B.*, 222 W.Va. 466, 665 S.E.2d 300 (2008).

Syl. Pt. 2, *In re Antonio R.A.*, 228 W.Va. 380, 719 S.E.2d 850 (2011). We review the circuit court's factual findings under a clearly erroneous standard. Syl. Pt. 1, *Carter v. Carter*, 196 W.Va. 239, 470 S.E.2d 193 (1996). Upon our review, we find no reversible error in this matter.

On appeal, petitioner assigns error to the circuit court's finding that West Virginia was not the child's home state and, therefore, dismissing his guardianship petition for lack of jurisdiction. Jurisdiction for guardianship proceedings in this state is exclusively governed by West Virginia Code §§ 48-20-101 through 48-20-404, West Virginia's codification of the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"). *See* W.Va. Code § 48-20-201(b)(2001) (stating that "[s]ubsection (a) of this section is the exclusive jurisdictional basis for making a child custody determination by a court of this State."). Pursuant to West Virginia Code § 48-20-201(a)(1), jurisdiction to determine initial child custody is proper in West Virginia courts if West Virginia is the child's home state on the date of the proceeding's commencement. West Virginia Code § 48-20-102(g) defines "home state" as "the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding." We have explained that

> [t]o determine whether a state qualifies as a child's "home state" for purposes of determining initial jurisdiction under W.Va. Code § 48-20-201(a) (Repl.Vol.2009), a court must analyze whether any state qualified as the child's "home state" at any time within the six months immediately preceding commencement of the action.

Syl. Pt. 3, *In Re: K.R.*, 229 W.Va. 733, 753 S.E.2d 882 (2012). Moreover, West Virginia Code § 48-20-201(a)(2) provides that jurisdiction is proper in this state only if "[a] court of another state does not have jurisdiction under subdivision (1) of this subsection[.]"

In the case *sub judice*, despite petitioner's argument that the child lived in this state for six consecutive months prior to the commencement of this proceeding, the circuit court found that the child moved to West Virginia in July of 2013 and that this action commenced in September of 2013, less than four months thereafter. The circuit court also found that the child, her mother, and petitioner moved back to North Carolina from New York in February of 2013, and the child's mother remained a resident of North Carolina until her death in September of 2013, even while the child moved to West Virginia in July of 2013. While petitioner claims that these findings are erroneous, he cites no portion of the record on appeal to support his claims. "On an appeal to this Court, the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." Syl. Pt. 2, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973).

> "An appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court

unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment." Syllabus point 5, *Morgan v. Price*, 151 W.Va. 158, 150 S.E.2d 897 (1966).

Syl. Pt. 5, *Skidmore v. Skidmore*, 225 W.Va. 235, 691 S.E.2d 830 (2010). Rule 10(c)(4) and (7) of the Rules of Appellate Procedure requires "appropriate and specific references to the appendix" in the statement of the case and "an argument exhibiting clearly the points of fact and law presented . . . . The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal." Because petitioner fails to meet his burden to demonstrate that error affirmatively appears from the record on appeal, we cannot say that the circuit court's findings were clearly erroneous or that its conclusions were clearly wrong.

Based upon the circuit court's findings, we find no reversible error in the circuit court's conclusions that West Virginia is not the child's home state and, therefore, dismissing this matter for lack of jurisdiction. We cannot find reversible error in the circuit court's conclusion that the child's home state was North Carolina. West Virginia Code § 48-20-201(a)(1) provides jurisdiction in the state that is

> the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding, *and the child is absent from this state but a parent or person acting as a parent continues to live in this state*[.]

(emphasis added.); *see also* W.Va. Code § 48-20-102(g) (providing that temporary absence is part of the six-month period required to establish the child's "home state."). We note, too, that a North Carolina court had previously exercised jurisdiction over this child. Although not cited by either party, West Virginia Code § 48-20-206 provides that "a court of this state may not exercise its jurisdiction under this article if, at the time of the commencement of the proceeding, a proceeding concerning the custody of the child has been commenced in a court of another state having jurisdiction substantially in conformity with this chapter." *See also* W.Va. Code § 48-20-201(a)(2) (providing jurisdiction in this state if "[a] court of another state does not have jurisdiction under subdivision (1) of this subsection[.]"). Therefore, we find no error in the circuit court's findings of fact and conclusions of law dismissing this action.

For the foregoing reasons, we affirm the Circuit Court of Wayne County's January 17, 2014, amended order.

Affirmed.

4

**ISSUED**: June 15, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II